**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **OLUMUYIWA OGUNNUBI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:25-cv-14660** |
| **v.** | ) | |
| | ) | **JURY DEMANDED** |
| **STROGER COOK COUNTY HOSPITAL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, **OLUMUYIWA OGUNNUBI** ("Plaintiff"), by and through his attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the Defendant, **STROGER COOK COUNTY HOSPITAL,** ("Defendant"), states as follows:

### JURISDICTION AND VENUE

1.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII"), and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), for Defendant discriminating against Plaintiff on the basis of his race during the course of his employment and retaliation for engaging protected activity.

2.     Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3.     Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in

that district.

**PARTIES**

4.      Plaintiff is an adult African American individual and a resident of Chicago, Cook County, Illinois.

5.      Defendant is and was at all times relevant to the allegations herein, a non-for-profit hospital representing and caring for medical needs of parties affecting commerce and domicile in the Northen District of Illinois.

6.      At all times relevant to the allegations herein, Plaintiff was employed by Defendant at its Chicago facility, Illinois.

7.      At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the Title VII 42 U.S.C. § 2000e(b).

8.      At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under the Title VII 42 U.S.C. § 2000e(f).

9.      Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a Notice of Right to Sue ("Exhibit B").

10.     Plaintiff timely filed this Complaint with the United States District Court for the Northern District of Illinois within 90 days of his receipt of the notice of right to sue.

**FACTUAL ALLEGATIONS**

11.     Plaintiff began her employment with Defendant on or around December1, 2023. Plaintiff's position with Defendant was a Specimen Laboratory Technician.

12.     At all times relevant, Plaintiff was meeting the legitimate job performance expectations of Defendant when said job performance expectations were applied equally to

2

similarly situated employees, regardless of race.

13.  Plaintiff was also verbally harassed by his manager and other employees on frequent occasions during his employment, which did not subject Plaintiff's similarly situated non-Black coworkers to the same conduct.

## COUNT I
## (TITLE VII RACE DISCRIMINATION)

14.  Plaintiff re-alleges paragraphs 1 through 13 and incorporates them as if fully set forth herein.

15.  Title VII, 42 U.S.C. §2000e-2(a)(1), prohibits employers from discriminating against employees on the basis of race.

16.  By its conduct as alleged herein, Defendant has discriminated against Plaintiff and subjected her to different terms and conditions of employment based upon her race, including but not limited to excessive verbal harassment and ignored her requests for assistance in her hostile work environment due to his race to wit.

17.  August 29 2024, John from chemistry, while Annahar from hematology was there in front of his station and the camera by the line, did an effeminate dance to tease him. Then he preceded to flick his hair like a girl in front of him as well. Once they were done laughing, they walked over to Lorena in hematology and Lorena while joking with them, looked across the room at me and gestured the rainbow.

18.  As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and emotional distress.

19.  Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from harassment discrimination based upon race in the workplace.

20.  Plaintiff demands to exercise his right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT I**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count I and that it:

a)      Award Plaintiff the value of all actual damages to be proved at trial;

b)      Award Plaintiff compensatory damages to make Plaintiff whole, including but not limited to damages for emotional distress;

c)      Award Plaintiff punitive damages;

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)      Award Plaintiff equitable/injunctive relief;

f)      Award Plaintiff any and all other relief as the Court deems just in the premises.

**COUNT II**
**(SECTION 1981 RACE DISCRIMINATION)**

21.      Plaintiff re-alleges paragraphs 1 through 19 and incorporates them as if fully set forth herein.

22.      Section 1981 prohibits employers from discriminating against employees on the basis of race or ethnicity in the making, performing, modifying, and termination of contracts employment contracts, including at-will employment contracts.

23.      By virtue of Plaintiff's and Defendant's employment relationship, an at-will employment contract was made by and between Plaintiff and Defendant.

24.      By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of his race and constructive termination of the at-will employment contract when it subjected him to excessive verbal harassment on the basis of his race.

25.      As a result of Defendant's actions, Plaintiff has suffered pecuniary losses and

emotional distress.

26.     Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination and harassment based upon race in the workplace.

27.     Plaintiff demands to exercise his right to a jury trial of this matter.

## RELIEF REQUESTED AS TO COUNT II

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count II and that it:

a)      Award Plaintiff the value of all actual damages to be proved at trial;

b)      Award Plaintiff compensatory damages to make Plaintiff whole, including but not limited to damages for emotional distress;

c)      Award Plaintiff punitive damages;

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)      Award Plaintiff equitable/injunctive relief;

f)      Award Plaintiff any and all other relief as the Court deems just in the premises.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Title VII-RETALIATION)

28.  Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29.     Defendant has intentionally retaliated against Plaintiff, based upon filing her complaint of mistreatment (protected activity) with the EEOC, Defendant created a hostile, retaliatory and offensive work, hostile and retaliatory environment by treating him differently than other employees, all in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.to wit

---

a) October 30, 2025

After Plaintiff was sent to the Swedish location to train phlebotomy, Brenda Hall says he is fully proficient so would not have to come back the next day. She then forced Plaintiff to sign a fraudulent competency form.

b) October 31, 2025

Plaintiff is sent back to the foster pavilion to finish his PSA training from the 28th, but the front desk refuses to train Plaintiff. And Martina tells him Brenda Hall said she never gave him anything and Plaintiff skipped her class.

c) November 12-24, 2025

As Plaintiff was in training as a PSA, he was treated unfairly, he reached out for help in learning and fixing his time cards, and was given the run around, ignored, and distracted from learning. (Plaintiff still has not received everything needed for basic training).

d) November 11, 2025

Rachelle and Farzaneh Ahmedi try to end his training because they are too busy. They try to transfer Plaintiff back to Katrina Hall's team to train against Martina's orders. (Tried to trick Plaintiff into initiating a transfer) Plaintiff reported it and his treatment worsened.

e) November 24, 2025

In front of Michelle Delacruz, Rachel Litcher, Heena Arbi, Farnazeh, and Lesli M. Hurtado, Silvia Perez tried to get Plaintiff to work alone on patients alone without completing his training despite his saying he needed more training. She then assigned him to shadow with Kais Kharoofa after she said

bounced the responsibility from her then to Lesli. He heavily protested, was often left to handle patients by himself. He often was told he was ready to work alone despite expressing otherwise.

## RELIEF REQUESTED AS TO COUNT III

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on Count III and that it:

a)      Award Plaintiff the value of all actual damages to be proved at trial;

b)      Award Plaintiff compensatory damages to make Plaintiff whole, including but not limited to damages for emotional distress;

c)      Award Plaintiff punitive damages;

d)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

e)      Award Plaintiff equitable/injunctive relief;

**OLUMUYIWA OGUNNUBI**

**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (6180407IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
3030 Warrenville Road, Suite 450-42
Lisle, IL 60532
(847) 450-1103 | (847) 895-0626
msmith39950@aol.com

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLUMUYIWA OGUNNUBI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.   1:25-cv-14660 |
| v. | ) | |
| | ) | JURY DEMANDED |
| STROGER COOK COUNTY HOSPITAL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

# EXHIBIT A

EEOC No. 440-2025-05046 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 440-2025-05046 |
| Illinois Department Of Human Rights | |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mr. Olumuyiwa Ogunnubi

Phone No.:     773-982-1803

Year of Birth:     1997

Mailing Address: 5742 n Campbell

CHICAGO, IL 60659

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: STROGER COOK COUNTY HOSPITAL

No. Employees, Members: 501+ Employees

Phone No.:

Mailing Address: 1969 W OGDEN AVE

CHICAGO, IL 60612, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

National Origin, Race, Retaliation, Sex

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 12/01/2023

Latest: 03/04/2025

THE PARTICULARS ARE:

I was hired by Medical Staffing Network to work at Respondent as a Specimen Laboratory Technician. My assignment began on or about December 1, 2023. During my assignment, I was subjected to race, national origin and LGBTQ+ related harassment. After I complained about the harassment, on or about March 4, 2025, I was discharged from my assignment.

I believe I was discriminated against because of my race, Black, my national origin, Nigerian, and my sex (sexual orientation), and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC No. 440-2025-05046 | FEPA No.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Olumuyiwa Ogunnubi
08/25/2025

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary _____

Printed Name _____

## CP Enclosure with EEOC Form 5 (06/24)

### Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).

2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **OLUMUYIWA OGUNNUBI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.  1:25-cv-14660** |
| **v.** | ) | |
| | ) | **JURY DEMANDED** |
| **STROGER COOK COUNTY HOSPITAL,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>COMPLAINT</u>**

# EXHIBIT B

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/03/2025

**To:** Mr. Olumuyiwa Ogunnubi
5742 n Campbell
CHICAGO, IL 60659
Charge No: 440-2025-05046

EEOC Representative and email:    GRACE GOUNTANIS
INVESTIGATOR
GRACE.GOUNTANIS@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2025-05046.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
09/03/2025
_____
Amrith Kaur Aakre
District Director

Cc:
NA NA
STROGER COOK COUNTY HOSPITAL
1969 W OGDEN AVE
CHICAGO, IL 60612

Anthony  Drew
Cook County Health and Hospital System
John H. Stroger, Jr. Hospital  1950 W Polk St 8701
Chicago, IL 60612

Michael  Smith
3030 warrenville road suite 450-24
LISLE, IL 60532


Please retain this Notice for your records.